terrupting the election, he does not seem to be within the meaning of the law.

With respect to the two last counts in the indictment for the assault on John Beckley, there is a contrariety of evidence. The jury must determine the fact for themselves, whether the defendant was within reach of him, when he held up his hand clenched, in an angry and menacing manner, and the verdict should correspond with the fact so found. Unless Beckley was within his reach, he cannot be guilty of the assault.

The questions before the jury are of great importance. We trust that party considerations will have no weight in their decision of them. The court have laid down this as an undeviating rule of conduct for themselves, and flatter themselves they have evinced their adherence to it on more than one occasion.

Verdict, not guilty.

## Andrew Bayard and Andrew Petit *against* Thomas Passmore.

The publication of a paper to prejudice the public mind in a cause depending, is a contempt, if it manifestly refers to the cause, tho' it does not expressly appear on the face of the writing. But however libellous the paper may be, the court can have no cognizance of it in a summary way, unless it be a contempt.

A RULE to shew cause why an attachment should not issue against the defendant, for a contempt in making a certain publication, was obtained at the last term, on the following affidavits.

James Kitchen made oath, that on the 8th September 1802, Thomas Passmore affixed the paper annexed to his affidavit, (a copy of which hereafter follows,) to a board in the exchange room in the city tavern, and wafered the same to the board, in the manner advertisements are usually posted up.

*Andrew Bayard made oath, that the paper annexed was wrote by Thomas Passmore ; that the contents of the [*439 said paper relate, as the deponent believes, to a suit depending in this court, wherein the said Thomas is plaintiff and Andrew Petit and this deponent are defendants ; that the affidavit taken before John Inskeep, esq. in order to substantiate the exceptions to the report in the said suit is the oath taken by this deponent, to which the said paper refers ; and this deponent has no suit, controversy or dispute with the said Thomas Passmore, other than what arises from the said suit depending in this court.

The paper published was in these words :—"The subscriber "publickly declares, that Petit and Bayard of this city, mer-"chants and quibbling underwriters, has basely kept from me "the said subscriber for nine months about 500 dollars, and that "Andrew Bayard, the partner of Andrew Petit, did on the 3d "or 4th instant go before John Inskeep, esq., alderman, and "swore to that which is not true, by which the said Bayard and

"Petit is enabled to keep the subscriber out of his money for "about three months longer, and the said Bayard has meanly "attempted to prevent others from paying the subscriber about "2500 dollars, but in this mean and dirty action he was disap-"pointed in; I therefore do publickly declare, that Andrew "Bayard is a liar, a rascal and a coward, and do offer two and a "half per cent. to any good person or persons to insure the sol-"vency of the said Bayard and Petit for about four months "from this date. Philadelphia, September 8, 1802. (Signed) "Thomas Passmore."

The defendant now appearing in court, in pursuance of the rule, the following facts were shewn.

An amicable action was entered in this court on the 6th August 1802, by Passmore against Bayard and Petit, and on the next day was referred to Hugh Henry and Matthew Pearce for decision, who in case of disagreement, were authorized to call in a third person. The suit was brought on a policy of insurance underwrote by Petit and Bayard, and the other underwriters, by their agreement of the 12th July preceding, engaged to abide by the event of that suit. The two referees not agreeing in opinion, chose William Hazelet as the third man; and he and Henry made a report in favour of Passmore for 490 dollars, which was filed on the 6th August 1802. A *fieri facias* issued thereon returnable to last September term; but the same was stopped on the following exceptions being filed on 3d September last, which were verified by the oath of Andrew Bayard, before John Inskeep, esq., one of the city aldermen. 1st. The *defendants were not notified of one of the meetings of the referees. 2d. The affidavit of the plaintiff of what a person had said was shewn to the referees in the absence of the defendants. 3d. The referees had allowed a claim for a total loss, though no account of expences was produced to them. 4th. The referees had found for the plaintiff, instead of reporting in favour of the defendants. Upon these exceptions, a rule was entered to shew cause why the report should not be set aside; and the publication complained of was made on the 8th September following.

Mr. Moses Levy in behalf of Passmore, now contended, that a contempt will not be presumed in a dubious case. There are several matters in the obnoxious publication which do not relate to the suit in this court; nor does it appear by the publication that any cause was depending upon which it was founded. It must be criminal on the face of the paper, and there must be a manifest allusion to a *lis pendens*. At the most, this goes to prejudice the minds of the judges, before whom the exceptions must be argued; and it is a work of more difficulty to prepossess a court than a jury.

Messrs. M'Kean and Dallas *é contra* insisted, that if the un-

[Respublica *v.* Passmore.]

lawful intention must appear on the face of the writing itself, any artful man may escape with impunity, though the publication may have the most pernicious tendency to interrupt the course of justice. There can be no doubt concerning the allusion of the paper. One suit only subsisted between the parties; and in that alone, Mr. Bayard took the affidavit before alderman Inskeep to substantiate the truth of his exceptions to the report. To this oath, filed in this action, the publication must necessarily relate, and though it may be harder to influence a court than a jury, yet it is possible that the report may be set aside, and the merits of the cause may come before a jury for their decision. No atonement has been offered for this base outrage. The sole apology for the conduct of Passmore which is offered, is the assertion that Bayard has perjured himself, by swearing to that which was not true.

By THE COURT. The implication is irresistible, that the publication referred to the suit then under the cognizance of the court. It was an attempt to prejudice the public mind in a cause then depending, and was in the eye of the law a contempt of the court.

Let the attachment go.

*The defendant then submitted to answer interrogatories, and offered to give security for his appearance. [*441

By THE COURT. Let him enter in to recognizance, himself in 300 dollars, and one sufficient surety in the like sum, conditioned for his appearance *de die in diem* to answer, &c. And in the mean while it behoves the defendant to consider well, what atonement he will make to the court as well as Mr. Bayard for the gross injury done to him by this publication.